ROSTON LAW GROUP, APC
Matthew E. Roston,   State Bar No. 265944
Schuyler B. Sorosky,   State Bar No. 265367
    matt@rostonlegal.com
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California  90212
Telephone:  (310) 550-6221
Fax:  (310) 246-0305

KAPLAN LAW CORPORATION
Jay A. Kaplan,   State Bar No. 86202
Harrison J. Kaplan,   State Bar No. 334707
    jkaplan@kaplanlawcorp.com
400 Oceangate, Suite 1125
Long Beach, California  90802-4356
Telephone:  (562) 372-0506
Fax:  (562) 349-0566

Attorneys for Plaintiff DEREK KNAPP

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
Ronald W. Novotny       State Bar No. 100041
    RNovotny@aalrr.com
Ann K. Smith               State Bar No. 150104
    ASmith@aalrr.com
Casandra P. Secord        State Bar No. 237395
    CSecord@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendant BNSF RAILWAY
COMPANY

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEREK KNAPP, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation, AND DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.    5:24-cv-00969 SSS (SP)<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference:**<br>Date:  August 9, 2024<br>Time:  1:00 p.m.<br>Courtroom:  2 |

Case No.: 5:24-cv-00969
SSS (SP)
51083147.1/012566.00027

JOINT RULE 26(F) REPORT

Plaintiff Derek Knapp ("Plaintiff" or "Knapp") and Defendant BNSF Railway Company ("Defendant" or "BNSF") (Plaintiff and Defendant may be collectively referred to herein as the "Parties"), through their respective attorneys of record, submit a Joint Report pursuant to Federal Rule of Civil Procedure 26 (f), Central District Local Rule 26-1 and the Court's Order Setting Scheduling Conference (Doc. 14).

## A. STATEMENT OF THE CASE

### 1. Plaintiff's Position

Plaintiff was a loyal, dedicated employee of BNSF that worked for the company for almost thirty (30) years. At the time of Plaintiff's termination of employment, Plaintiff was working as a Helper in BNSF's Barstow Yard where he was responsible for moving and sorting locomotives within the yard. Plaintiff simultaneously served as his union's legislative representative where he was responsible for raising health and safety complaints to the safety department and BNSF management on behalf of other workers.

In late 2022, Plaintiff made continuous complaints to BNSF management that that BNSF was failing to perform adequate inspection, preservation and maintenance of railroad retarders, which are designed to reduce the speed of freight cars as cars are sorted into trains. On December 28, 2022, Plaintiff suffered and reported a workplace injury caused by a retarder and pursued a claim with BNSF for monetary compensation. Thereafter, Plaintiff continued to complain about unsafe retarders.

Two and a half months later on March 14, 2023, another employee in the yard was injured by a retarder. Plaintiff left the yard to attend to the injured employee at the hospital as the injured employee's union representative. At the hospital, Plaintiff again complained in-person to the yard superintendent, Daniel Martinez, about BNSF's unsafe practice regarding retarders.

Over the next three months, Plaintiff became more aggressive regarding his complaints to management about unsafe retarders and specifically singled out Mr.

-2-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Martinez. Plaintiff also reached a settlement and received monetary compensation from BNSF for his injury claim related to the retarder.

On June 28, 2023, Plaintiff was charged with discipline for allegedly submitting a dishonest claim for payment on the day he visited his injured co-worker in the hospital three months earlier. The charge letter claimed that it had somehow just learned of this alleged violation even though the company had approved the payment three months earlier. Mr. Martinez served as the main witness at the disciplinary hearing and confirmed that he triggered the disciplinary charge. On August 11, 2023, BNSF terminated Plaintiff's employment based on the disciplinary charge.

Plaintiff denies that he submitted a dishonest claim for payment, but rather his claim for payment was consistent with the way other employees submitted similar requests for payment. To any extent that Plaintiff's request for payment was in any way improper, it is clear that Plaintiff's safety complaints and his injury report and settlement contributed to BNSF's decision to terminate his employment and in no way can BNSF show that it would have terminated his employment had Plaintiff not engaged in these protected activities.

## 2.    **Defendant's Position**

BNSF operates a railroad network covering the western two-thirds of the United States with over 32,000 route miles traversing 28 states and three Canadian provinces. BNSF plays a vital role in the United States economy, hauling finished products consumers use every day and the raw materials manufacturers need to make those products.

At BNSF, safety is essential to its operations. As one of the largest rail transportation companies in the United States, BNSF understands that it has a responsibility to operate safely. BNSF works each day to prevent injuries through its extensive safety programs, training and technology. To promote safety and identify areas of improvement, BNSF encourages employees to report safety concerns through

-3-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

multiple avenues (e.g., departmental leadership, Human Resources, BNSF hotline, etc.) and strictly prohibits retaliation for reporting an injury or safety concern.

BNSF also operates its company to comply with the highest standards of ethics and integrity. To this end, BNSF takes seriously any behavior that is unethical, illegal or in conflict with BNSF policies, Corporate Rules or Code of Conduct. As representatives of BNSF, all employees are accountable for their actions and are responsible for promoting honest and ethical conduct and complying with company policy. All employees are required to act professionally at work, with integrity and honesty, while always showing respect for others.

In the case at hand, BNSF employed Plaintiff as a switchman out of BNSF's terminal in Barstow, California. On August 11, 2023, BNSF dismissed Plaintiff for dishonesty under its Policy for Employee Performance Accountability ("PEPA") after a formal investigation hearing provided for under the collective bargaining agreement between BNSF and Plaintiff's union (SMART-TD) confirmed that Plaintiff submitted a false claim for wages for work he did not perform for BNSF. Plaintiff's alleged safety complaints and injury report and settlement played no role in BNSF's decision to end Plaintiff's employment.

## B.  SUBJECT MATTER JURISDICTION

This case has federal question subject matter jurisdiction pursuant to Title 28 U.S.C. § 1331.

## C.  LEGAL ISSUES

The Parties anticipate that the key legal issues in this case will be:

- Whether Plaintiff engaged in protected activity under the Federal Rail Safety Act ("FRSA");
- Whether Defendant had knowledge or suspicion of Plaintiff's alleged protected activity under the FRSA;
- Whether Defendant subjected Plaintiff to an adverse action;

-4-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- Whether Plaintiff's alleged protected activity was a "contributing factor" to the adverse action;
- Whether Defendant would have taken the same adverse action in the absence of the alleged protected activity;
- Whether Plaintiff exhausted his administrative remedies under the FRSA;
- Whether Plaintiff suffered any damages as a result of the adverse action; and
- Whether Plaintiff failed to mitigate his alleged damages.

## D.   PARTIES AND EVIDENCE

The Parties in this case are as follows:

- Plaintiff Derek Knapp
- Defendant BNSF Railway Company

Plaintiff does not anticipate the addition of other parties to this action.

## E.   STATUS OF SERVICE

Plaintiff served BNSF with the summons and complaint.  There are no other defendants in this action.

## F.   DAMAGES

Plaintiff is seeking damages for pain and suffering, medical expenses, loss of income and benefits and punitive damages.  If Plaintiff prevails on his claims, he will also seek reasonable attorney's fees and costs.  The amount of Plaintiff's damages is subject to investigation, but Plaintiff anticipates seeking over $1,000,000.

Plaintiff also reserves the right to seek full reinstatement of employment, seniority and benefits and expungement of discipline.

## G.   INSURANCE

As Defendant understands Plaintiff's claims, there is no applicable insurance coverage for this case.

/ / / /

-5-

Case No.: 5:24-cv-00969 SSS (SP)

JOINT RULE 26(F) REPORT

51083147.1/012566.00027

**H.    MOTIONS**

Plaintiff and Defendant do not anticipate filing any motions to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**I.    DISPOSITIVE MOTIONS**

Defendant anticipates that it will file a Motion for Summary Judgment and/or Summary Adjudication.  Defendant also anticipates filing motions in limine.

**J.    COMPLEXITY**

The Parties agree that none of the procedures of the Manual for Complex Litigation should be used in this matter.

**K.    STATUS OF DISCOVERY**

**1.    Changes to Disclosures**

Pursuant to FRCP 26(f)(3), the Parties represent that no changes should be made in the timing, form, or requirement for disclosures under FRCP 26(a).

**2.    Subjects of Discovery**

**Plaintiff:** Plaintiff anticipates conducting discovery into relevant communications, relevant rules and policies of BNSF, the way the company treated similarly situated employees, and defendant's affirmative defenses.  Plaintiff anticipates taking the depositions of the decision makers behind the disciplinary charge and termination and relevant third-party witnesses.  Plaintiff will also conduct discovery into Plaintiff's earnings and employment benefits.

**Defendant:** Defendant anticipates that it will propound requests for production of documents and interrogatories to Plaintiff, and issue subpoenas to Plaintiff's medical providers and Plaintiff's subsequent employers.  Defendant anticipates that it will also take the deposition of Plaintiff, percipient witnesses, and any experts designated by Plaintiff.  Defendant's anticipated discovery will focus on Plaintiff's allegations of retaliation, and Plaintiff's damages and efforts to mitigate those

Case No.: 5:24-cv-00969 SSS (SP)
51083147.1/012566.00027

JOINT RULE 26(F) REPORT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

purported damages.  Defendant reserves the right to engage in further discovery based on the outcome of the discovery identified.

### 3.    Limits to Discovery

As of the present time, the Parties do not foresee the need for discovery to be conducted in phases or be limited or focused on particular issues. The Parties do not foresee that any issues are likely to arise regarding the disclosure of electronically stored information at the present time. Further, the Parties are unaware at this time of any claims of privilege or protection of trial preparation materials, beyond their general, mutual assertion that their own communications with their clients are protected from disclosure.

### 4.    Other Orders

The Parties have agreed to enter into a protective order for the production of confidential, proprietary, and/or private information. No limitations on discovery should be imposed under either FRCP or the Local Rules at the present time.

## L.    FACT DISCOVERY CUT-OFF

The Parties propose the following fact discovery cut-of date:  April 11, 2025

## M.    EXPERT DISCOVERY

The Parties propose the following expert discovery for expert witness disclosures and expert discovery cutoff:

- Initial expert discovery disclosures:  April 18, 2025
- Rebuttal expert witness disclosures:  May 2, 2025
- Expert discovery cut-off date:  May 16, 2025

## N.    ADR

As of this date, the Parties have not engaged in settlement discussions.  The Parties believe this matter is best suited for mediation through private mediation.

## O.    TRIAL ESTIMATE

Plaintiff and Defendant anticipate a 5-6 day jury trial given the number of documents and witnesses.

-7-

**P.    INDEPENDENT EXPERT OR MASTER**

The Parties do not anticipate a need for an independent expert or master at this time.

**Q.    SCHEDULE WORKSHEET**

The Parties have attached hereto a completed Schedule of Pretrial and Trial Dates Worksheet.

**R.    OTHER ISSUES**

The Parties are not aware of any other issues affecting the status or management of the case at this time.

Dated: July 26, 2024                    THE ROSTON LAW GROUP, APC

By:    /s/Matthew E. Roston
       Matthew E. Roston
       Schuyler B. Sorosky
       Plaintiff Derek Knapp

Dated: July 26, 2024                    KAPLAN LAW CORPORATION

By:    /s/Jay A. Kaplan
       Jay A. Kaplan
       Harrison J. Kaplan
       Plaintiff Derek Knapp

Dated: July 26, 2024                    ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:    /s/Casandra P. Secord
       Ronald W. Novotny
       Ann K. Smith
       Casandra P. Secord
       Defendant BNSF Railway Company

I, Casandra P. Secord, am the ECF User whose ID and password are being used to file this Joint Rule 26(f) Report. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

-8-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## CERTIFICATE OF SERVICE

Case Name:       Derek Knapp V. BNSF Railway Company

No.:   5:24-cv-00969 SSS (SP)

On July 26, 2024, I filed the following document(s) described as Joint Rule 26(f) Report electronically through the CM/ECF system.  All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

Executed on July 26, 2024, at Cerritos, California.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

_____
Christna Castron

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

PROOF OF SERVICE

51083147.1/012566.00027